FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**May 30, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

MELISSA R. SCHWARTZ, as personal
representative for the Estate of Serafin
Finn,

     Plaintiff - Appellee,

v.

DEPUTY JASON GENTEMPO, in his
individual capacity,

     Defendant - Appellant,

and

CITY AND COUNTY OF DENVER, a
municipality,

     Defendant.

No. 23-1393
(D.C. No. 1:21-CV-02160-CNS-SKC)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **PHILLIPS**, and **CARSON**, Circuit Judges.
_____

Plaintiffs may sue a state actor under 42 U.S.C. § 1983 for violating their

federal rights.  But to prevail, they must show the state actor violated a clearly

established right.  This case considers whether the law clearly established that

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Defendant Jason Gentempo—a Denver deputy sheriff—violated pretrial detainee Serafin Finn's Fourteenth Amendment rights when he violently struck Finn for spitting on him. The district court denied Defendant qualified immunity on summary judgment. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's ruling.

I.

Defendant and another Denver sheriff's deputy went to Denver Health Medical Center to transport Finn to Denver Detention Center ("DDC"). DDC officers transported Finn there the day before to receive treatment for his multiple seizures. As Defendant entered the hospital, he heard Finn yelling and cursing at hospital staff. The hospital restrained Finn to a gurney with handcuffs and leg irons. The deputies then placed Finn, who remained shackled, in a wheelchair with a blanket.

The deputies wheeled Finn outside to the hospital's ambulance bay. Defendant stood on the wheelchair's left side as the other deputy pushed it. At the bottom of a ramp, Finn spat on the ground. Defendant asked Finn not to spit, but Finn swore and spat at him—hitting Defendant's mouth, face, and chin. Defendant immediately punched Finn twice in the face and slammed his wheelchair backwards to the ground. Defendant applied a mandibular angle pressure point hold once on the ground to prevent Finn from spitting again.[1] Defendant held Finn until hospital

---

[1] A mandibular angle pressure point hold is a law enforcement technique used to gain compliance. It involves applying pressure with a thumb or knuckle to a resisting subject's mandibular nerve (behind the ear on the back of the jaw).

security staff arrived and placed a spit hood on him.  Defendant and two other deputies on scene helped Finn off the ground, got him into the van, and transported him back to DDC.  Finn later died of causes unrelated to this case.  Plaintiff Melissa R. Schwartz, as personal representative for the Estate of Serafin Finn, sued Defendant, alleging a claim under 42 U.S.C. § 1983.  Defendant moved for summary judgment, asserting qualified immunity from the Estate's § 1983 claim.  The district court denied the motion.

II.

We review the district court's summary judgment rulings on qualified immunity de novo, applying the same standard as the district court.  Shepherd v. Robbins, 55 F.4th 810, 815 (10th Cir. 2022) (citing Becker v. Bateman, 709 F.3d 1019, 1022 (10th Cir. 2013)).  Summary judgment is usually appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  But summary judgment on qualified immunity requires a different kind of review.  Shepherd, 55 F.4th at 815 (citing Becker, 709 F.3d at 1022).  When a defendant asserts qualified immunity at the summary judgment phase, the burden shifts, and the plaintiff must show that (1) the defendant's conduct violated a constitutional right and (2) the constitutional right was clearly established.  Id. (citing Becker, 709 F.3d at 1022).  The district court may address either prong first.  Id. (citing Becker, 709 F.3d at 1022).  We review the district court's legal conclusions de novo.  Id. (citing Manning v. United States, 146 F.3d 808, 813 (10th Cir. 1998)).

3

III.

In its summary judgment order, the district court concluded that a reasonable jury could find that Deputy Gentempo's use of force was not rationally related to a legitimate governmental objective or that it was excessive in relation to that purpose, therefore violating Mr. Finn's constitutional right against excessive force. Defendant does not dispute that he violated Plaintiff's constitutional rights. Importantly, he also does not challenge the district court's factual findings. He appeals only the district court's conclusion that the law establishing the constitutional violation was clearly established.

Generally, a constitutional right is clearly established when Tenth Circuit or Supreme Court precedent exists putting the constitutional question beyond debate. See Shepherd, 55 F.4th at 815 (citing Apodaca v. Raemisch, 864 F.3d 1071, 1076 (10th Cir. 2017)). But because "'some things are so obviously unlawful that they don't require detailed explanation' . . . . qualified immunity does not protect an officer where the constitutional violation was so obvious under general well-established constitutional principles that any reasonable officer would have known the conduct was unconstitutional." Rosales v. Bradshaw, 72 F.4th 1145, 1156–57 (10th Cir. 2023) (quoting Truman v. Orem City, 1 F.4th 1227, 1235–36 (10th Cir. 2021)); id. (citing Taylor v. Riojas, 592 U.S. 7, 7–10 (2020)); see also Colbruno v. Kessler, 928 F.3d 1155, 1165 (10th Cir. 2019). When a right is clearly established, officers have fair warning that a particular action is unlawful. Shepherd, 55 F.4th at

4

815 (citing Estate of Smart v. City of Wichita, 951 F.3d 1161, 1168 (10th Cir. 2020)).

Plaintiff argues that the district court's determination—that Defendant's use of force was not rationally related to a legitimate governmental objective and was therefore punitive—is dispositive. According to Plaintiff, upon a showing of arbitrary or punitive force, "this Court flatly denies qualified immunity." Defendant responds that this determination is not dispositive and is not separate from Plaintiff's burden to show that the case law clearly establishes the force as excessive.

We agree with Plaintiff. At the time of the incident, authorities detained Mr. Finn while he awaited trial, and "[a]lthough the full scope of protection provided by the Due Process Clauses to pretrial detainees may be to some extent uncertain, the Supreme Court has been categorical in one respect: '[A] detainee may not be punished prior to an adjudication of guilt in accordance with due process of law.'" Colbruno, 928 F.3d at 1162 (quoting Bell v. Wolfish, 441 U.S. 520, 535 (1979)) (emphasis omitted). If a restriction or condition imposed upon a pretrial detainee "is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted." Id. at 1163 (quoting Bell, 441 U.S. at 539). Thus, "[e]ven in the absence of any precedential opinions holding that there had been a Fourteenth Amendment violation under similar facts," when an officer undisputedly uses force that is not rationally related to a legitimate governmental objective, "that is enough to preclude granting qualified immunity at summary judgment . . ." Id. at

1166 (citing Blackmon v. Sutton, 734 F.3d 1237, 1244 (10th Cir. 2013)). This oft-repeated brightline rule puts every reasonable officer on notice that punishing pretrial detainees by using arbitrary force is unlawful. See id. at 1162–63.

To be clear, we are not holding that every time a pretrial detainee plaintiff alleges authorities subjected him to arbitrary force, we wholesale reject an officer's qualified immunity defense. The Supreme Court has "repeatedly told courts . . . not to define clearly established law at a high level of generality." Mullenix v. Luna, 577 U.S. 7, 12 (2015) (quoting Ashcroft v. al–Kidd, 563 U.S. 731, 742 (2011)). A violation of a constitutional right is usually only clearly established if there exists Tenth Circuit or Supreme Court precedent particularized to the case at issue. Shepherd, 55 F.4th at 815 (citing Apodaca, 864 F.3d at 1076). But as we noted above, Defendant does not challenge the district court's finding that twice punching Mr. Finn in the face and flipping his wheelchair onto the pavement bore no relationship to his purported interest in preventing Mr. Finn from spitting at or on other deputies. Because Defendant's use of arbitrary force against Mr. Finn is undisputed, and engaging in arbitrary and punitive force violates a pretrial detainee's clearly established constitutional rights, the district court did not err in denying Defendant qualified immunity.

And to Defendant's point, Plaintiff need not establish excessive force when the district court has found, and the defendant does not contest, that he punished a pretrial detainee or subjected him to force unrelated to a legitimate governmental objective. In fact, the Supreme Court in Kingsley v. Hendrickson, 576 U.S. 389

(2015), stated that a pretrial detainee can show that a constitutional right was clearly established at the time of the alleged violation by showing that the challenged governmental action is not rationally related to a legitimate governmental objective and is therefore punishment "*or* that it is excessive in relation to that purpose." 576 U.S. at 398 (emphasis added) (citing Block v. Rutherford, 468 U.S. 576, 585–586 (1984)). Thus, a court need not find separately that the officer also engaged in excessive force when his use of arbitrary or punitive force is undisputed.

In sum, Defendant does not challenge the district court's determination that punching Mr. Finn and flipping his wheelchair onto the pavement was unrelated to his purported interest in preventing Mr. Finn from spitting at or on other deputies. This fact is critical to our narrow holding. Because it is clearly established that an officer cannot subject a pretrial detainee to punishment or force not rationally related to a legitimate nonpunitive governmental purpose, as Defendant did here, the district court properly denied Defendant's summary judgment motion.

AFFIRMED.

Entered for the Court

Joel M. Carson III
Circuit Judge

7